1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

Jessica Schultz
NORTHWEST JUSTICE PROJECT
1702 West Broadway Avenue
Spokane, WA  99201
(509) 324-9128
(206) 299-3185 (fax)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| A.H. and HAITHAM ALMHANA and their marital community, | NO. 2:20-CV-00399-RMP |
|---|---|
| Plaintiffs, | AMENDED COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| TRESTLE CREEK, LLC; GREYSTAR RS WEST, LLC; and REBEKAH GIFFORD, | |
| Defendants. | |

Plaintiffs A.H. and Haitham AlMhana allege as follows:

## I.    INTRODUCTION

Defendants discriminated against Plaintiffs when Defendants denied Plaintiffs the right to the full use and enjoyment of their dwelling.  Defendants have discriminated in the rental or otherwise made unavailable rental housing to Plaintiff A.H. based on her disability.  Defendants further discriminated against Plaintiffs in the terms, conditions, and privileges of the rental of a dwelling, and in the provision

Amended Complaint
Page 1 of 19

of services or facilities in connection with such dwelling because of A.H.'s disability. Defendants' actions violate the Fair Housing Act and the Washington Law Against Discrimination because their policies and actions treat persons with disabilities differently than renters without disabilities. The Court should enjoin Defendants' behavior and award damages to Plaintiffs.

## II.    PARTIES

1.    Plaintiff A.H. lived at Trestle Creek Apartments in Spokane County, Washington from August 2018 until August 2019. A.H. currently resides in Spokane County, Washington. A.H. is married to Haitham AlMhana.

2.    Plaintiff Haitham AlMhana lived at Trestle Creek Apartments in Spokane County, Washington from August 2016 until August 2019. Mr. AlMhana currently resides in Spokane County, Washington. Mr. AlMhana is married to A.H.

3.    Defendant Trestle Creek, LLC is a Washington Limited Liability Company.

4.    Defendant Trestle Creek, LLC is the owner of Trestle Creek Apartments and is registered with the Washington Secretary of State.

5.    Defendant Greystar RS West, LLC (hereinafter "Greystar") is a Washington Limited Liability Company.

6.    Defendant Trestle Creek, LLC, hired Defendant Greystar to oversee the management of the Trestle Creek Apartments.

Amended Complaint
Page 2 of 19

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

7.      Defendant Greystar RS West, LLC, is the property manager for Trestle Creek Apartments and is registered with the Washington Secretary of State.  As a property management company, Greystar is responsible for creating and enforcing rules related to occupancy of the property, and for making maintenance decisions. At all times relevant hereto, Greystar acted as an agent for Trestle Creek, LLC.

8.      Defendant Rebekah Gifford is the leasing office manager at Trestle Creek Apartments, and an employee of Greystar.  At all times relevant hereto, Ms. Gifford acted as an agent of Greystar.

### III.    JURISDICTION AND VENUE

9.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. §§3604, 3617, and 3613.

10.    The Court has supplemental jurisdiction over state law claims under 28 U.S.C. §1367.

11.    Venue is proper in this District under 28 U.S.C. §1391 because the events or omissions giving rise to the claims asserted in this action occurred in this District.

### IV.    FACTS

12.    Plaintiff Haitham AlMhana signed a six-month lease and began his tenancy at Trestle Creek Apartments in August 2016.

13.    Upon moving to Trestle Creek Apartments, Plaintiff AlMhana paid a

Amended Complaint
Page 3 of 19

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

security deposit of $600.00.

14.  Plaintiffs Haitham AlMhana and A.H. married in August 2018.

15.  Plaintiff A.H. moved into Mr. AlMhana's unit at Trestle Creek Apartments in August 2018.

16.  On or about April 19, 2019, Plaintiffs made a written maintenance request that Trestle Creek repair a toilet that had overflowed in their unit.

17.  Defendant Rebekah Gifford replied to this request by telling Plaintiffs that the repair might not be made for several days.

18.  Plaintiffs advised Ms. Gifford that A.H. is a person living with human immunodeficiency virus (HIV).  Plaintiffs requested the toilet be repaired promptly as a reasonable accommodation because A.H.'s disability compromises her immune system and the overflowing toilet posed a serious threat to her health.

19.  Defendant Ms. Gifford initially declined Plaintiffs' reasonable accommodation request and told Plaintiffs to hire a plumber at their own expense. Alternatively, Ms. Gifford offered to loan Plaintiffs a plunger from the leasing office so Plaintiffs could try to make the repair themselves.

20.  Ms. Gifford later told Plaintiffs she had informed Greystar's maintenance staff of A.H.'s disability because it was important for "[the staff's] safety."

21.  Ms. Gifford advised Plaintiffs that maintenance staff were permitted to

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

consider A.H.'s disability when deciding whether to decline to make the repair to Plaintiffs' toilet.

22.    Ms. Gifford thanked Plaintiffs for disclosing A.H.'s disability, and said it was important that Greystar and Trestle Creek Apartments know this information, "for the safety of other tenants."

23.    Plaintiffs declined to hire a plumber at their own expense, and insisted Greystar make the repair.

24.    Later that same day, Ms. Gifford contacted Plaintiffs and advised that Greystar had hired a private plumber to repair the toilet that afternoon.  Ms. Gifford further advised that Plaintiffs would not be charged for the repair unless the plumber determined the clog was the fault of Plaintiffs.

25.    At Ms. Gifford's direction, Plaintiffs cleaned the bathroom prior to any maintenance work done on April 19, 2019.

26.    At approximately 5:15 p.m. on or around April 19, 2019, a plumber hired by Defendants arrived at the Plaintiffs' unit and unclogged the toilet.  The plumber did not determine the clog to be the fault of the Plaintiffs.

27.    At approximately 6:15 p.m., on or around April 19, 2019, a man named "Randy" from Belfor USA Group, Inc., arrived at Plaintiffs' unit and notified the Plaintiffs that Trestle Creek Apartments had hired Belfor to decontaminate the bathroom.  Randy told Plaintiffs this decontamination would consist of cleaning the

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

bathroom, removing all the flooring, and installing machines in the bathroom to kill any bacteria through the application of heat.

28.    The maintenance work described in Paragraph 27 lasted from April 19, 2019, until May 15, 2019.  During this time, Plaintiffs' dwelling was uninhabitable due to construction noise, odors, and workers coming and going.

29.    Sometime between April 19, 2019, and April 24, 2019, Ms. Gifford met with Mr. AlMhana and advised him that Defendants expected Plaintiffs to pay for the cost of the repairs and cleaning done to the bathroom, and that this expense would be several thousand dollars.

30.    During this conversation, Ms. Gifford told Mr. AlMhana that Plaintiffs were being charged for the repairs and cleaning because of A.H.'s disability, though she acknowledged the plumber had not found any evidence the clog was caused by Plaintiffs.  Ms. Gifford said Defendants had only hired an external maintenance company in order to keep their own staff "safe" from A.H.'s condition.  Ms. Gifford further advised that the reason for the extensive repairs to the bathroom after the clog was repaired was Defendants' concern about A.H.'s HIV contaminating the wooden flooring and other surfaces in the bathroom.

31.    On or about April 24, 2019, Plaintiffs met with leasing office agent "Jordyn," and inquired about moving to a new unit, because of the extensive construction and upheaval in their current unit.  They also inquired about adding

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

A.H. to Mr. AlMhana's lease at that time. Jordyn advised Plaintiffs that their bank and investment statements would be adequate proof of income, and that A.H. would be approved on a new lease in their new unit. Jordyn scheduled an appointment for Plaintiffs to meet with Ms. Gifford later that same day to view a vacant unit.

32.    On or about April 24, 2019, Plaintiffs met with Ms. Gifford.  Ms. Gifford told Plaintiffs they were not eligible to move to a new unit or add A.H. to the lease until they had paid the thousands of dollars in maintenance costs they were being charged because of A.H.'s disability.

33.    During this same conversation, Ms. Gifford repeated her previous remarks regarding A.H.'s disability, and that it was "unsafe" for Trestle Creek's maintenance staff to repair the toilet.  A.H. explained to Ms. Gifford that HIV is not spread through fecal matter, and Ms. Gifford replied that "there could be blood" in the waste on the floor.

34.    During this same conversation, Ms. Gifford said she needed to make sure a potential tenant was "safe," and "one of us," before letting that person sign a lease.  Ms. Gifford said if A.H. did not like the situation, she was free to "go live anywhere else" outside of Trestle Creek Apartments.

35.    During this same conversation, Plaintiffs asked Ms. Gifford to tell her supervisor they would not be paying for the repairs to their bathroom, and that Defendants' demand that they do so was illegal and discriminatory.  Ms. Gifford

Amended Complaint
Page 7 of 19

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

1  advised that she would pass along this communication.

2  36.    On the evening of April 24, 2019, A.H.'s mental health deteriorated and

3  she was unable to sleep.  Her mother stayed overnight with Plaintiffs in their

4  apartment to care for A.H..

5  37.    On April 25, 2019, Mr. AlMhana received an e-mail from Trestle Creek

6  Apartments stating that the service request Plaintiffs had made on April 19, 2019,

7  was "tentatively on hold" until April 30th, because it "require(d) specialty

8  assistance."

9  38.    On or around April 25, 2019, Mr. AlMhana sent a letter to Defendants

10  outlining Plaintiffs' position that Defendants were discriminating by charging the

11  repair costs to Defendants and by refusing to add A.H. to the lease.  In this letter,

12  Mr. AlMhana advised that Plaintiffs were considering filing a fair housing complaint

13  with the U.S. Department of Housing and Urban Development.

14  39.    On or about May 1, 2019, Defendants' counsel wrote a letter replying

15  to Mr. AlMhana's April 25, 2019 letter.

16  40.    On or about May 30, 2019, Plaintiffs received a "Balance Due Notice"

17  from Rebekah Gifford, claiming Plaintiffs owed $2,038.88 to Trestle Creek for

18  "Belfor Property Restoration," "Sherwin Williams- Flooring/Installation," and "Eric

19  Steven, P.S.; Legal Service."

20  41.    On or about May 31, 2019, Mr. AlMhana e-mailed Ms. Gifford to

21

Amended Complaint
Page 8 of 19

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

1    dispute the charges in Defendant's May 30, 2019 Balance Due Notice.  In this

2    e-mail, Mr. AlMhana advised that Plaintiffs had filed a discrimination complaint

3    against Defendants with the U.S. Department of Housing and Urban Development,

4    and that A.H.'s health had been significantly impacted by Defendants'

5    discrimination.

6          42.    On or about June 7, 2019, Greystar regional property manager, Peggy

7    Low, sent a letter to Mr. AlMhana, advising that he would not in fact be charged for

8    the repairs made to his unit, and that this waiver of the charges was being made "as

9    a courtesy."

10          43.    In May and July of 2019, Plaintiffs submitted rental applications with

11    other housing providers.  These applications were denied after those housing

12    providers received negative references from Defendants.

13          44.    Plaintiffs vacated Trestle Creek Apartments on or around

14    August 31, 2019.  Upon vacating the property, Mr. AlMhana provided written notice

15    to the Trestle Creek leasing office of his new mailing address.

16          45.    Defendants failed to give Mr. AlMhana any statement of the basis for

17    retaining any of his deposit, nor did Defendants return any amount of the security

18    deposit to Mr. AlMhana.  The failure to provide these items was due to the

19    intentional refusal of Defendants to do so.

20          46.    During the time period referenced in this Complaint, A.H. made

21

Amended Complaint
Page 9 of 19

multiple trips to the emergency room, was hospitalized on several occasions, and had many appointments to see her counselor and primary care physician. The purpose of this medical care was to treat A.H.'s mental and physical disabilities, which were exacerbated by, and required care as a result of, Defendants' discrimination.

47.    As a result of Defendants' discrimination, Plaintiffs suffered actual economic damage, loss of housing opportunity, loss of civil rights, and significant emotional distress.

## V.    CAUSES OF ACTION

### First Cause of Action:  Violation of 42 U.S.C. §3604(f)
### (As to all Defendants)

48.    Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

49.    Defendants, acting personally or through agents, have engaged in discriminatory housing practices at Trestle Creek Apartments.

50.    Defendants' discriminatory housing practices include discrimination in the rental, or otherwise making unavailable or denying a dwelling to a renter, because of a handicap of that renter, a person residing in that dwelling after it is rented, and/or a person associated with that renter.

51.    Defendants' discriminatory housing practices include discrimination

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

against persons because of disability status in the terms, conditions, or privileges of the rental of apartments and in the provision of services and facilities in connection with such dwelling at Trestle Creek Apartments.

52.     Plaintiffs have suffered economic and non-economic injuries as a direct and proximate result of Defendants' discriminatory housing, for which Plaintiffs are entitled to relief under 42 U.S.C. §3613.

## Second Cause of Action:  Violation of 42 U.S.C. §3617
## (As to all Defendants)

53.     Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

54.     Defendants, acting personally or through agents, have engaged in discriminatory housing practices at Trestle Creek Apartments.

55.     Defendants' discriminatory housing practices include retaliating against Plaintiffs because Plaintiffs reported a discriminatory housing practice to a housing provider or other authority.

56.     Pursuant to 42 U.S.C. §3617, it is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of any right granted or protected by the Fair Housing Act.  Under 24 CFR §100.400(c)(6), this prohibition is interpreted to include retaliation against a person because that person reported a discriminatory housing practice to a housing provider or other authority.

**Northwest Justice Project**
**1702 W. Broadway Avenue**
**Spokane, WA 99201**
**(509) 324-9128**
**(206) 299-3185 (fax)**

57.     Defendants retaliated against Plaintiffs by denying Plaintiffs' requests to relocate to another unit and add A.H. to the lease.  Defendant Ms. Gifford explicitly told Plaintiffs the reason for these denials was Plaintiffs' refusal to pay discriminatory charges for the unnecessary repair work and cleaning of Plaintiffs' bathroom.

58.     Mr. AlMhana's letter to Defendant Ms. Gifford on April 25, 2019, explained Plaintiffs' position that charging Plaintiffs for unnecessary repairs made because of A.H.'s disability was discriminatory.  Defendants responded to this letter by hiring attorney Eric Steven, who wrote a reply letter to Mr. AlMhana.  Ms. Gifford then sent a bill to Mr. AlMhana dated May 30, 2019, which included an amount of $470.75 for Mr. Steven's legal services.

59.     Defendants again retaliated against Plaintiffs by providing negative references when potential new landlords contacted Defendants for information regarding Plaintiffs' rental history.

60.     Plaintiffs have suffered economic and non-economic injuries as a direct and proximate result of Defendants' violations of 42 U.S.C. §3617 and 24 CFR §100.400(c)(6), for which Plaintiffs are entitled to relief under 42 U.S.C. §3613.

### Third Cause of Action:
### Violation of Washington Law Against Discrimination (RCW 49.60.222)
### (As to all Defendants)

61.     Plaintiffs incorporate by reference all prior paragraphs into this cause

Amended Complaint
Page 12 of 19

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

of action.

62.    Defendants, acting personally or through agents, have engaged in discriminatory housing practices at Trestle Creek Apartments.

63.    Defendants' discriminatory housing practices include the refusal to engage in a real estate transaction with a person based on that person's disability status.

64.    Defendant's discriminatory housing practices include the discrimination against a person in the terms, conditions, or privileges of a real estate transaction or in the furnishing of services in connection therewith.

65.    Plaintiffs have suffered economic and non-economic injuries as a direct and proximate result of Defendants' violations of RCW 49.60.222, for which Plaintiffs are entitled to relief under RCW 49.60.225.

**Fourth Cause of Action:**
**Violation of the Washington Consumer Protection Act (RCW 19.86.020)**
**(As to all Defendants)**

66.    Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

67.    Defendants violated RCW 49.60.222 by engaging in discriminatory housing practices including the refusal to engage in a real estate transaction with a person based on that person's disability status, and discriminating against a person in the terms, conditions, or privileges of a real estate transaction or in the furnishing

Amended Complaint
Page 13 of 19

1  of facilities or services in connection therewith.

2      68.    Violations of RCW 49.60.222 are an unfair practice and are per se

3  violations of Chapter 19.86 RCW.  See RCW 49.60.030(3); State v. Schwab, 103

4  Wn. 2d 542, 693 P.2d 108 (1985).

5      69.    Pursuant to RCW 19.86.020, unfair practices in the conduct of any trade

6  or commerce are unlawful.

7      70.    Pursuant to RCW 19.86.090:  "Any person who is injured in his …

8  property by a violation of RCW 19.86.020… may bring a civil action… to enjoin

9  further violations, to recover the actual damages sustained by him … together with

10  the costs of the suit, including a reasonable attorney's fee.  In addition, the court may,

11  in its discretion, increase the award of damages up to an amount not to exceed three

12  times the actual damages sustained:  PROVIDED, That such increased damage

13  award for violation of RCW 19.86.020 may not exceed twenty-five thousand

14  dollars…."

15      71.    Defendants' violations of RCW 19.86.020 entitle Plaintiffs to recover

16  their actual damages, costs of suit, reasonable attorney fees, and up to three times

17  their actual damages sustained, but not exceeding $25,000.

18      72.    As a result of Defendants' unfair practice, Plaintiffs have suffered

19  damages in an amount to be proven at the time of trial.

20

21  Amended Complaint
    Page 14 of 19

**Northwest Justice Project**
**1702 W. Broadway Avenue**
**Spokane, WA 99201**
**(509) 324-9128**
**(206) 299-3185 (fax)**

### Fifth Cause of Action:  Negligent Infliction of Emotional Distress
### (As to all Defendants)

73.    Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

74.    Defendants owed Plaintiffs a duty not to discriminate against them. Defendants were housing providers engaged in the rental of a real property dwelling unit to Plaintiffs.

75.    Defendants breached this duty not to discriminate, on many occasions. Defendants at first declined to repair Plaintiffs' toilet because of Plaintiff A.H.'s disability.  Then Defendants hired an outside company to make the repair, and, again because of A.H.'s disability, decided to fully deconstruct and sterilize the bathroom after Plaintiffs had already decontaminated the bathroom.   Defendants then attempted to pass the repair and cleaning costs on to Plaintiffs, which Plaintiffs declined to pay.  This repair work and cleaning disrupted Plaintiffs' quiet enjoyment of their unit.  When Plaintiffs asked to relocate to another unit and add A.H. to the lease, Defendants denied these requests because Plaintiffs had declined to pay the discriminatory repair charges.   When Plaintiffs applied for housing elsewhere, Defendants gave negative rental references, as retaliation for Plaintiffs' exercise of their fair housing rights.

76.    Defendants' breach of this duty proximately caused injury to Plaintiffs.

Amended Complaint
Page 15 of 19

Without Defendants' discriminatory actions, Plaintiffs would not have suffered injury, and injuries to Plaintiffs were reasonably foreseeable.

77.    Plaintiffs incurred damages as a result of this breach and injury. Plaintiffs lost months of quiet enjoyment in their rental unit as a result of this breach and injury.  Further, this breach and injury required Plaintiffs to relocate to new housing quickly and at great expense.

78.    Plaintiffs' suffering is manifested by objective symptomatology. Plaintiff A.H. suffered many negative health consequences and was hospitalized on several occasions as a result of this breach of duty.

### Sixth Cause of Action:  Violation of RCW 59.18.280
### (As to all Defendants)

79.    Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

80.    Pursuant to RCW 59.18.280, "within twenty-one days after the termination of the rental agreement and vacation of the premises . . . the landlord shall give a full and specific statement on the basis for retaining any of the deposit together with the payment of any refund due the tenant under the terms and conditions of the rental agreement.  No portion of any deposit shall be withheld on account of wear resulting from ordinary use of the premises."

81.    Defendants failed to return Plaintiffs' deposit or provide any statement

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

of damages within twenty-one days of Plaintiffs' move out of the unit, or at any time thereafter.

82.    Defendants' failure and intentional refusal to provide Plaintiff AlMhana with a statement of the basis for retaining his security deposit within twenty-one days from the day he vacated the property is a violation of RCW 59.18.280.

83.    Because Defendants have not given a full and specific statement within twenty-one days, pursuant to RCW 59.18.280, Defendants "shall be liable to the tenant for the full amount of the deposit."

84.    Further, pursuant to RCW 59.18.280, "[t]he court may in its discretion award up to two times the amount of the deposit for the intentional refusal of the landlord to give the statement or refund due.  In any action brought by the tenant to recover the deposit, the prevailing party shall additionally be entitled to the cost of suit or arbitration including a reasonable attorney's fee."

85.    Defendants' violations of RCW 59.18.280 entitle Plaintiffs to the relief they seek.

## Seventh Cause of Action:  Request for a Permanent Injunction
### (As to all Defendants)

86.    Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

87.    The Court should permanently enjoin Defendants' discriminatory acts pursuant to RCW 19.86.090.  These discriminatory acts are per se deceptive acts or practices under RCW 49.60.222 and RCW 19.86.020.

## VI.    RELIEF REQUESTED

Plaintiffs request the following relief against Defendants, jointly and severally:

a.    An order permanently enjoining Defendants from engaging in discriminatory housing practices and discrimination in the rental of apartments, either directly or through their agents, specifically enjoining Defendants from refusing to rent to persons with disabilities, and enjoining Defendants from imposing different terms for the use and enjoyment of the premises to persons with disabilities;

b.    An order directing Defendants and their agents to arrange for and attend, at Defendants' expense, training regarding the fair housing obligations of housing providers under applicable law;

c.    A Declaration that Defendants have violated the Fair Housing Act, 42 U.S. Code §§ 3601-3619, and the Washington Law Against Discrimination, RCW 49.60;

d.    Treble damages, pursuant to RCW 19.86.090;

e.    Actual, statutory economic, non-economic, special, general, and emotional distress damages in an amount to be determined at trial;

Amended Complaint
Page 18 of 19

Northwest Justice Project
1702 W. Broadway Avenue
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

1       f.    Punitive damages in an amount to be determined at trial, pursuant to

2  42 U.S. Code § 3613;

3       g.    For an order awarding Plaintiffs the portion of their security deposit

4  wrongfully withheld;

5       h.    For an order awarding Plaintiffs two times the amount of the security

6  deposit;

7       i.    Attorney's fees and costs;

8       j.    Pre-judgment and post-judgment interest to the maximum extent

9  allowed by law;

10       k.    Any other relief necessary to remedy violations of the law alleged

11  herein and to prevent such violations from recurring; and

12       l.    All other and further relief as this Court deems just and proper.

                     12/15/2020

13  Respectfully submitted: _____.

14

15                               NORTHWEST JUSTICE PROJECT

16                             DocuSigned by:
                           Jessica Schultz

17                             A5362A4D993D4E0...
                           JESSICA SCHULTZ, WSBA #42540

18                             CHELSEA HICKS, WSBA #40933
                           Attorneys for Plaintiffs

19

20

21  Amended Complaint
   Page 19 of 19